**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRANDON D. HICKS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-02164-ADA** |
| | § | |
| **TEXAS OFFICE OF THE** | § | |
| **ATTORNEY GENERAL CHILD** | § | |
| **SUPPORT DIVISION, AMANDA** | § | |
| **ESTRADA,  JOHN DOE 1-10,** | § | |
| **UNKNOWN EMPLOYEE / AGENT** | § | |
| **OF THE OFFICE OF THE** | § | |
| **ATTORNEY GENERAL; AND** | § | |
| **JANE DOE 1-5, UNKNOWN** | § | |
| **SUPERVISORS OF THE OFFICE** | § | |
| **OF THE ATTORNEY GENERAL;** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
        UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Brandon Hicks's application to proceed *in forma pauperis*. Dkt. 2. Because Hicks is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

1

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Hicks's financial affidavit and determined Hicks is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Hicks's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Hicks is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Hicks's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Hicks has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Hicks sues Defendants Texas Office of the Attorney General Child Support Division ("OAG"), Amanda Estrada, John Does 1-10, and Jane Does 1-5 (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for violations of his due-process rights in connection with a child support lien against him. Dkt. 1. Hicks alleges that Defendants failed to provide him with "adequate notice of the specific basis for the lien, the amount claimed, or a meaningful opportunity to contest the lien before it was imposed." *Id.* at 6. Based on this conduct, Hicks seeks a declaration stating that Defendants' actions in connection with the lien violated his rights, as well as an injunction prohibiting Defendants from enforcing the lien and requiring them to provide adequate procedures before imposing child-support liens. *Id.* at 7-8. Hicks sues the individual defendants in their individual capacities, *see* Dkt. 1-2, and asks

that the Court award compensatory and punitive damages against them. Dkt. 1, at 8.

Hicks's claims for injunctive relief should be dismissed under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When a district court "is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citations omitted). Litigants may not obtain review of state-court actions by filing complaints about those actions in lower federal courts framed as civil-rights suits. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Because Hicks's claims are inextricably intertwined with underlying child-support orders and enforcement decisions, his case should be dismissed. *Williams v. Trosclair*, 627 F. Supp. 3d 594, 602-603 (E.D. La. 2022) (dismissing claims seeking to attack a final state-court child-support judgment).

To the extent the *Rooker-Feldman* doctrine does not bar Hicks's claims for damages against the individual defendants, *see Mosley v. Bowie Cnty., Tex.*, 275 F. App'x 327, 329 (5th Cir. 2008), those claims should be dismissed because Hicks failed to exhaust state remedies. Courts in this Circuit have held that where a plaintiff

brings a due-process challenge to a child-support lien, he must first allege that he utilized the state review procedures available to him. *McGee v. Pilant*, No. 3:17-cv-2275-B-BN, 2017 WL 6025336, at *1 (N.D. Tex. Dec. 5, 2017) (citing *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2016 WL 3361528, at *7 (N.D. Tex. Feb. 24, 2016)). Because Hicks fails to allege that he exhausted his state remedies by availing himself of administrative review through Texas Family Code § 157.328, his case should be dismissed. *See id.*[1]

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Hicks's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Hicks's cause of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS AS MOOT** Hicks's remaining pending motions, Dkts. 3; 4; 7.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by

---

[1] Because Hicks could show in the future that he exhausted administrative remedies with respect to the child-support lien, the undersigned will recommend that the District Judge dismiss Hicks's suit without prejudice.

the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

6